**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JEERAPAN FOX**

Plaintiff, Case No.
Judge

v.

**QUALITY METALCRAFT, INC.**

Defendant.
_________________________________/

**LINDERMAN LAW, PLLC.**
Marla Linderman Richelew (P55759)
Attorney for Plaintiff
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
Lindermanlaw@sbcglobal.net

## COMPLAINT AND JURY DEMAND

PLAINTIFF, through counsel, states the following Complaint against Defendant:

## NATURE OF CLAIM

1. This is a proceeding for declaratory and injunctive relief and for money damages against Defendant to redress the deprivation of Plaintiff's rights, purposeful discrimination and retaliation against the Plaintiff under Title VII and supplemental jurisdiction under the Michigan Elliott Larsen Civil Rights Act ("ELCRA").

## JURISDICTION AND PARTIES

2. The jurisdiction of this Court is invoked pursuant to 28 USC §1331, 1343, 1367, Title VII, and supplemental jurisdiction.

3. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 28 USC §2201, 28 USC §2202; Title VII, and pendent jurisdiction.

4. Many of the events giving rise to this action occurred in the Eastern District of Michigan.

5. The amount in controversy exceeds $75,000.00.

## COMMON ALLEGATIONS

7. Plaintiff is Jeerapan Fox, hereafter referred to as "Plaintiff".

8. Plaintiff resides in Washtenaw County, Michigan.

9. Defendant Quality Metalcraft, Inc. ("Defendant") is a Delaware Corporation with a plant located in Wayne County, Michigan and a registered office located in Wayne County, Michigan.

10. Plaintiff began working for Defendant on or about May 17, 2021 as a Prototype Quality Engineer.

11. Plaintiff worked for Defendant at its Wayne County location.

12. Plaintiff, a female, was qualified for her position with Defendant at all times.

13. Plaintiff performed her job duties in a satisfactory or above manner at all times employed by Defendant.

14. Plaintiff's race and national origin is Asian/Thai.

15. Plaintiff was born in Thailand and immigrated to the USA.

16. Plaintiff was subjected to gender, national origin and race discrimination and harassment by her peers and her managers.

17. Plaintiff reported this gender, national origin, and race discrimination and harassment to Defendant.

18. On or about October 24, 2021, Plaintiff filed a formal complaint with Human Resources alleging illegal discrimination and harassment.

19. On November 3, 2021, Plaintiff was moved from the day shift to the second shift, 4:30 pm-1:00 am.

20. Plaintiff was also made to work on heavier parts, some weighing in excess of 380 lbs., by herself, her workload was increased, and she was given shorter lunch breaks than her peers.

21. On or about December 10, 2021, Plaintiff's job responsibilities were changed so that she was required to sort parts and do reworks instead of her normal assignments.

22. Similarly situated males who were not of Asian origin were not required to do this kind of busy work and continued to do their normal assignments.

23. On or about December 15, 2021, Plaintiff met again with Human Resources who refused to help her telling her that her only recourse was to "Just do what your boss says."

24. Defendant terminated Plaintiff on or about January 7, 2022 in part because of her gender, race, national origin and her protected activity.

25. On or about March 1, 2023, Plaintiff received her Right-to-Sue letter.

26. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

**COUNT I**
**NATIONAL ORIGIN DISCRIMINATION**
**TITLE VII**

27. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

28. Plaintiff was made fun of because of her national origin by her peers and supervisors at Defendant.

29. Defendant's employees mimicked her accent and made inappropriate comments about her national origin.

30. Defendant's employees would criticize her work unfairly, pretend she was stupid, give her demeaning tasks, and create situations where they would then improperly blame her despite setting her up to fail.

31. Plaintiff made it clear that these pervasive and severe comments and acts based on her national origin were unwelcome and requested that they stop.

32. Defendant changed her hours to an undesirable shift, in part, because of her national origin.

33. Defendant changed her job duties adversely, in part, because of her national origin.

34. Defendant shortened the amount of time she was allowed to take breaks, despite the fact that she was salaried, in part because of her national origin.

35. Defendant terminated Plaintiff, in part, because of her national origin.

36. Defendant's alleged reasons for changing her hours, changing her assignments, changing the terms of her employment and/or terminating Plaintiff were pretext to disguise its illegal actions in violation of Title VII.

37. Based on information and belief, Plaintiff was replaced by someone who was not from Thailand and/or Asia.

38. Defendant's adverse actions toward Plaintiff constitutes violations of Title VII.

39. Defendant's violations have directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) punitive damages as allowed under Title VII; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to reinstatement.

## COUNT II
## GENDER DISCRIMINATION
## TITLE VII

40. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

41. The fact that Plaintiff was a female contributed to Defendant's employees making fun of her and making inappropriate comments, in part, because of her gender.

42. Defendant's employees would criticize her work unfairly, pretend she was stupid, give her demeaning tasks, and create situations where they would then improperly blame her despite setting her up to fail.

43. Plaintiff was treated disparately compared to her male peers due in part to her gender.

44. Defendant changed her hours to an undesirable shift, in part, because of her gender.

45. Defendant changed her job duties adversely, in part, because of her gender.

46. Defendant shortened the amount of time she was allowed to take breaks, despite the fact that she was salaried, in part because of her gender.

47. Defendant terminated Plaintiff, in part, because of her gender.

48. Defendant's alleged reasons for changing her hours, changing her assignments, changing the terms of her employment and/or terminating Plaintiff were pretext to disguise its illegal actions in violation of Title VII.

49. Based on information and belief, Defendant replaced Plaintiff with a male.

50. Defendant's adverse actions toward Plaintiff constitutes violations of Title VII.

51. Defendant's violations have directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) punitive

damages as allowed under Title VII; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to reinstatement.

**COUNT III**
**HARASSMENT: TITLE VII**

52. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

53. Plaintiff was made fun of because of her national origin and/or gender by her peers and supervisors at Defendant.

54. Defendant's employees mimicked her accent and made inappropriate comments about her national origin and/or gender.

55. Defendant's employees would criticize her work unfairly, pretend she was stupid, give her demeaning tasks, and create situations where they would then improperly blame her despite setting her up to fail because of her national origin and gender.

56. Plaintiff made it clear that these pervasive and severe comments and acts based on her national origin and gender were unwelcome and requested that they stop.

57. The illegal harassment affected the terms and conditions of Plaintiff's employment.

58. The illegal harassment had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment.

59. Plaintiff filed formal complaints with Defendant.

60. Defendant refused to investigate her claims but claimed to have spoken to several employees about their actions.

61. Defendant's actions did not stop the discrimination and harassment.

62. Defendant was aware that their actions did not stop the discrimination and harassment.

63. Defendant refused to take prompt and/or remedial action to stop the discrimination and harassment.

64. Defendant's violation of Title VII directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and noneconomic injuries; (2) punitive damages; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to, reinstatement.

**COUNT IV**
**RETALIATION**
**TITLE VII**

65. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

66. Plaintiff formally complained about illegal discrimination and harassment based on characteristics protected by Title VII.

67. Defendant was aware that Plaintiff engaged in this protected activity.

68. Defendant retaliated against Plaintiff during her employment for engaging in this protected activity.

69. Defendant retaliated against Plaintiff, at least in part, by changing her hours, her job assignment, the terms and conditions of her employment and/or by terminating her for engaging in this protected activity.

70. Less than 2 weeks after Plaintiff filed her first formal charge of discrimination, Defendant changed her work shift from a day shift to 4:30 pm-1:00 a.m. in retaliation which was an undesirable shift.

71. Plaintiff requested to be able to stay on her normal shift and her request was refused.

72. Approximately one month later, Defendant adversely changed Plaintiff's job duties.

73. Plaintiff again reported illegal discrimination and harassment.

74. Less than one month from reporting the illegal discrimination and harassment again, Plaintiff was terminated.

75. Defendant's reasons were pretext to disguise its illegal retaliation based, in part, because of Plaintiff's protected activity.

76. Defendant's adverse job shifts, assignments and termination of Plaintiff constituted illegal retaliation in violation of Title VII.

77. Such retaliation has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) punitive damages; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just.

**COUNT V**
**VIOLATION OF ELCRA**
**RACE AND NATIONAL ORIGIN DISCRIMINATION**

78. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

79. Plaintiff is Asian and was born in Thailand.

80. Plaintiff was subjected to discrimination based on her race (Asian) and national origin (Thai) by Defendant.

81. Plaintiff was treated disparately compared to her male peers due in part to her race and/or national origin.

82. Defendant changed her hours to an undesirable shift, in part, because of her race and/or national origin.

83. Defendant changed her job duties adversely, in part, because of her race and/or national origin.

84. Defendant shortened the amount of time she was allowed to take breaks, despite the fact that she was salaried, in part because of her race and/or national origin.

85. Defendant terminated Plaintiff, in part, because of her race and/or national origin.

86. Defendant's alleged reasons for changing her hours, changing her assignments, changing the terms of her employment and/or terminating Plaintiff were pretext to disguise its illegal actions in violation of Title VII.

87. Based on information and belief, Defendant replaced Plaintiff with an employee who was not Asian and/or not from Thailand.

88. Defendant's adverse actions toward Plaintiff constitutes violations of ELCRA.

89. Defendant's violations have directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

**COUNT VI**
**GENDER DISCRIMINATION**
**ELCRA**

90. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

91. The fact that Plaintiff was a female contributed to Defendant's employees making fun of her and making inappropriate comments, in part, because of her gender.

92. Defendant's employees would criticize her work unfairly, pretend she was stupid, give her demeaning tasks, and create situations where they would then improperly blame her despite setting her up to fail.

93. Plaintiff was treated disparately compared to her male peers due in part to her gender.

94. Defendant changed her hours to an undesirable shift, in part, because of her gender.

95. Defendant changed her job duties adversely, in part, because of her gender.

96. Defendant shortened the amount of time she was allowed to take breaks, despite the fact that she was salaried, in part because of her gender.

97. Defendant terminated Plaintiff, in part, because of her gender.

98. Defendant's alleged reasons for changing her hours, changing her assignments, changing the terms of her employment and/or terminating Plaintiff were pretext to disguise its illegal actions in violation of ELCRA.

99. Based on information and belief, Defendant replaced Plaintiff with a male.

100. Defendant's adverse actions toward Plaintiff constitutes violations of ELCRA.

101. Defendant's violations have directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of

costs, interest and attorney fees; and (3) such equitable relief as the Court deems just, including but not limited to reinstatement.

**COUNT VII**
**HARASSMENT: ELCRA**

102. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

103. Plaintiff was made fun of because of her race, national origin and/or gender by her peers and supervisors at Defendant.

104. Defendant's employees mimicked her accent and made inappropriate comments about her race, national origin and/or gender.

105. Defendant's employees would criticize her work unfairly, pretend she was stupid, give her demeaning tasks, and create situations where they would then improperly blame her despite setting her up to fail because of her race, national origin and gender.

106. Plaintiff made it clear that these pervasive and severe comments and acts based on her race, national origin and gender were unwelcome and requested that they stop.

107. The illegal harassment affected the terms and conditions of Plaintiff's employment.

108. The illegal harassment had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment.

109. Plaintiff filed formal complaints with Defendant.

110. Defendant refused to investigate her claims but claimed to have spoken to several employees about their actions.

111. Defendant's actions did not stop the discrimination and harassment.

112. Defendant was aware that their actions did not stop the discrimination and harassment.

113. Defendant refused to take prompt and/or remedial action to stop the discrimination and harassment.

114. Defendant's violation of ELCRA directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and noneconomic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just, including but not limited to, reinstatement.

**COUNT VII**
**RETALIATION: ELCRA**

115. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

116. Plaintiff formally filed a complaint about illegal discrimination and harassment based on characteristics protected by ELCRA with Defendant.

117. Defendant was aware that Plaintiff engaged in this protected activity.

118. Defendant retaliated against Plaintiff during her employment for engaging in this protected activity.

119. Defendant retaliated against Plaintiff, at least in part, by changing her hours, her job assignment, the terms and conditions of her employment and/or by terminating her for engaging in this protected activity.

120. Less than 2 weeks after Plaintiff filed her first formal charge of discrimination, Defendant changed her work shift from a day shift to 4:30 pm-1:00 a.m. in retaliation which was an undesirable shift.

121. Plaintiff requested to be able to stay on her normal shift and her request was refused.

122. Approximately one month later, Defendant adversely changed Plaintiff's job duties.

123. Plaintiff again filed a discrimination and harassment complaint.

124. Less than one month from filing her second complaint, Plaintiff was terminated.

125. Defendant's reasons were pretext to disguise its illegal retaliation based, in part, because of Plaintiff's protected activity.

126. Defendant's adverse job shifts, assignments and termination of Plaintiff constituted illegal retaliation in violation of ELCRA.

127. Such retaliation has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

Respectfully Submitted on May 29, 2023,

LINDERMAN LAW PLLC

/s/ Marla Linderman Richelew
Marla Linderman Richelew (P55759)
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiffs through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully submitted on May 29, 2023,

LINDERMAN LAW P.C.

/s/Marla Linderman Richelew
Marla Linderman Richelew(P55759)
LINDERMAN LAW P.C.
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
linderman@lindermanlaw.com
Attorneys for Plaintiffs